IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHANDRA KISHOR,

    Plaintiff,                        No. CIV S-07-0980 FCD JFM P

    vs.

MR. NAKU, et al.,

    Defendants.                  <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on claims raised in plaintiff's October 16, 2007 amended complaint against defendants Dr. Naku and Mrs. Naku (hereafter the Naku defendants), Mrs. Keller and CCII Curioso. The Naku defendants have filed a motion to compel plaintiff's deposition and responses to discovery requests. The Naku defendants seek terminating sanctions and an award of attorney's fees. Plaintiff opposes the motion.

        Rule 37(d)(1) of the Federal Rules of Civil Procedures provides in relevant part:

    (A) Motion; Grounds for Sanctions. The court where the action is
    pending may, on motion, order sanctions if:

    (I) a party or a party's officer, director, or managing agent — or a
    person designated under Rule 30(b)(6) or 31(a)(4) — fails, after

        being served with proper notice, to appear for that person's deposition; or

        (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

Fed. R. Civ. P. 37(d)(1)(A)(I)-(ii). Such a motion "must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). Pursuant to Fed. R. Civ. P. 37(d)(3), the sanctions that may be imposed are those listed in Fed. R.Civ. P. 37(b)(2)(A)(I)-(vi).[1] "Instead of or in addition to these sanctions, the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The failure to appear at a deposition or to respond to interrogatories is "not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

---

[1] The sanctions listed in that part of the rule include:

    (I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

    (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    (iii) striking pleadings in whole or in part;

    (iv) staying further proceedings until the order is obeyed;

    (v) dismissing the action or proceeding in whole or in part; [or]

    (vi) rendering a default judgment against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(A)(I)-(vi).

1    On September 10, 2008, the Naku defendants each served plaintiff with, <u>inter</u> <u>alia</u>,
2 a first set of interrogatories and a request for production of documents.  On September 17, 2008,
3 plaintiff filed a request for a copy of his complaint.  Therein, plaintiff stated, <u>inter</u> <u>alia</u>, that he
4 could not provide defendants with "any discovery or facts" because three months before that
5 thousands of boxes of legal materials, including plaintiff's, had been destroyed by prison guards.
6 <u>See</u> Document # 42, filed September 17, 2008.  A copy of one of the document production
7 requests served on September 10, 2008 is attached to the document.  <u>See</u> <u>id</u>.

8    On October 15, 2008, the Naku defendants served plaintiff with a notice of
9 deposition, setting his deposition for 10:00 a.m.  The notice set plaintiff's deposition for
10 November 18, 2008 at 10:00 a.m.  On October 30, 2008, plaintiff filed a document styled as
11 objections to the notice of deposition.  On October 31, 2008, counsel for the Naku defendants
12 wrote a letter to plaintiff stating that there was "no legal basis" for plaintiff's objection to his
13 deposition, and that counsel might "seek a motion to compel" seeking sanctions if plaintiff failed
14 to respond to the written discovery requests before November 18, 2008.  In an order filed
15 November 18, 2008, the court found that plaintiff did not request any specific relief from the
16 court in his objections and ordered the objections placed in the court file and disregarded.
17 Plaintiff refused to appear at his deposition, and he has not responded to the interrogatories or the
18 request for production of documents.

19   After review of the record, and good cause appearing, the Naku defendants'
20 motion will be granted.  This action will be stayed for a period of forty-five days, during which
21 time plaintiff must answer the interrogatories and respond to the requests for production of
22 documents served by the Naku defendants on September 10, 2008, and must appear for and
23 participate in his deposition.  Plaintiff is cautioned that failure to comply with this order will
24 result in a recommendation that his claims against the Naku defendants be dismissed.
25 Defendants' request for attorney's fees will be denied without prejudice.
26 /////

In view of the stay of this action, the time for filing dispositive motions will be extended by forty-five dates and the dates for filing pretrial statements, for pretrial conference and for jury trial set in the court's September 9, 2008 order will be vacated reset, as appropriate, by subequent order of this court.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Naku defendants' December 12, 2008 motion to compel and for sanctions is granted in part, as follows:

    a. This action is stayed for a period of forty-five days.

    b. Within thirty days from the date of this order, plaintiff shall file and serve responses to the Naku defendants' September 10, 2008 requests for production of documents and interrogatories.

    c. Within the same thirty day period, the Naku defendants shall renotice plaintiff's deposition, said deposition to be completed not later than forty-five days from the date of this order. Plaintiff shall must appear for and participate in his deposition at the time and place noticed by the Naku defendants. Plaintiff is cautioned that failure to comply with this order will result in a recommendation that his claims against the Naku defendants be dismissed.

    d. The Naku defendants' request for attorney's fees is denied without prejudice.

2. All pretrial motions, except motions to compel discovery, shall be filed on or before March 20, 2009. Motions shall be briefed in accordance with paragraph 8 of this court's order filed January 25, 2008.

3. All parties are relieved of the obligation to file pretrial statements until further order of the court.

4. The pretrial conference set in this case for May 22, 2009, before the magistrate judge is vacated.

/////

5. The jury trial set before the Honorable Frank C. Damrell, Jr. on August 18, 2009, at 9:00 a.m. in Courtroom #2 is vacated.

DATED: February 3, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

12
kish0980.mtc