IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHANDRA KISHOR,

    Plaintiff,                      No. 2:07-cv-0980 FCD JFM (PC)

    vs.

MR. NAKU, et al.,

    Defendants.                  <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed February 4, 2009, this action was stayed for a period of forty-five days, during which time, <u>inter</u> <u>alia</u>, the Naku defendants were required to renotice plaintiff's deposition and the deposition was to be completed. On February 18, 2009, plaintiff filed a document styled "Response to Deposition -- Setting Place, Recordings w/ Referee or Counsel/Proxy. . . ." The court construes this document as a request for appointment of counsel and a request to have his deposition conducted in a judicially supervised setting.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the

1

voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

The court finds no basis in the record for ordering plaintiff's deposition to be taken in a judicially supervised setting. That part of plaintiff's request will also be denied.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's February 18, 2009 request for appointment of counsel and to have his deposition taken in a judicially supervised setting is denied.

DATED: March 10, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/kly
kish0980.31o